(No. 31483.—■■■■■■■■)
The People *ex rel.* Louis E. Nelson, County Collector, Appellant, *vs.* Kenneth Court Building Corporation, Appellee.

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

JOHN S. BOYLE, State's Attorney, BENJAMIN S. ADAMOWSKI, Corporation Counsel, and JOHN J. MORTIMER, Acting Corporation Counsel, (ROBERT J. NOLEN, of counsel,) all of Chicago, for appellant.

HOLT & KEARNEY, and ADAMS, WILLIAMSON & TURNEY, both of Chicago, (MARSHALL V. KEARNEY, ROBERT McCORMICK ADAMS, BURKE WILLIAMSON, and ROBERT E. CORCORAN, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Kenneth Court Building Corporation, having previously paid its taxes in full, under protest, filed an amended objection in the county court of Cook County to an application of the county collector for judgments against and orders for the sale of real estate for the nonpayment of taxes for the year 1947, levied by the city of Chicago. From the judgment sustaining the taxpayer's objection, the county treasurer and *ex officio* county collector prosecutes this appeal.

The sole objection in controversy was made to an alleged overestimate of 1946 tax warrant liabilities in the amount of $2,537,934.46. The taxpayer charged that, in determining the net amount of 1946 taxes available for appropriation in 1947, the city council deducted a greater amount of tax warrants outstanding, and interest thereon, against the 1946 taxes, than were, in fact, outstanding; that, although the city council failed to set forth the amount of the tax warrants deducted in arriving at the net taxes receivable for the 1946 tax levies, as had been done in previous

appropriation ordinances for many years, nevertheless, the amount deducted for outstanding 1946 tax warrants may be determined by computation; that loss and cost fixed by the city council at the time the levies for the years 1941 to 1945, inclusive, were made was not altered or varied by the city council in making its 1947 appropriation, so that the loss and cost charged against the levies was the loss and cost fixed in the respective ordinances for those years; that there were no outstanding tax warrants against these levies, as appears from the comptroller's report of December 31, 1946, and that, upon deducting the loss and cost from the collectible amounts, the resultant sum receivable for those years was $3,715,785.78. Defendant charged that the amount of net taxes receivable from levies of prior years in the amended appropriation ordinance for the year 1947, including the $3,715,785.78, was $8,507,438.51, and that, after deducting the former amount, $4,791,652.73 was left as the amount estimated to be received in taxes for the year 1946; that the 1946 levy extended was $40,999,968.06; that the loss and cost levy in the 1946 ordinance, neither changed nor varied in the 1947 ordinance, was $4,100,000, leaving a net figure of $36,899,-968.06 to be received from the 1946 levy during the year 1947; that, by adding thereto the $3,715,785.78 receivable from the levies for the years 1941 to 1945, inclusive, the total amount receivable was $40,615,753.84; that, of this amount, the ordinance states $8,507,438.51 is available for appropriation, leaving $32,108,315.33 unaccounted for; that the only other possible deduction under the applicable statute is that of tax warrants, and that the outstanding tax warrants, and interest thereon, as of December 31, 1946, against the 1946 levies, as shown by the comptroller's report, amounted to $29,570,380.87, resulting in an overcharge for tax warrant liabilities of $2,537,934.46, and, in consequence, an increase in the tax levy in the amount last stated.

For clarity, a reconstructed summary of taxes receivable for 1946 and prior years follows:

1941 to 1945 inclusive

| Taxes Collectible | Loss and Cost | Net |
|---|---|---|
| 1941 — $5,022,088.55 | $3,700.000.00 | $ 1,322,088.55 |
| 1942 — 3,573,612.93 | 3,700,000.00 | None |
| 1943 — 4,144,075.71 | 3,700,000.00 | 444,075.71 |
| 1944 — 4,855,373.50 | 3,700,000.00 | 1,155,373.50 |
| 1945 — 4,494,248.02 | 3,700,000.00 | 794,248.02 |

Total . . . . .: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 3,715,785.78

1946 Tax Extended. . . . . . . . . . . . . . . . . . . . . . . . . . .$40,999,968.06
Loss and Cost. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,100,000.00

Net Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 36,899,968.06
Plus 1941 to 1945, net total. . . . . . . . . . . . . . . . . . . . . 3,715,785.78

Net taxes receivable from levies of prior years before
deducting warrants and interest thereon. . . . . . . . . .$40,615,753.84
Appropriation ordinance figure of net taxes receivable
from levies of prior years. . . . . . . . . . . . . . . . . . . . . . 8,507,438.51

Unaccounted for except for warrants and interest
thereon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 32,108,315.33
Comptroller's report of warrants and interest. . . . . . . 29,570,380.87

Excess . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 2,537,934.46

Where an appropriation and levy are based upon an overestimate of outstanding tax anticipation warrants and interest thereon, because of an underestimate of taxes receivable, objections to the levy are properly sustained. (*People ex rel. Schlaeger* v. *Frankenstein & Co.* 396 Ill. 524; *People ex rel. Schlaeger* v. *Bunge Brothers Coal Co.* 392 Ill. 153.) In both of the cases cited, "Summary D," attached to the respective appropriation ordinances and by reference made a part thereof, showed the amount of loss and cost the city council deducted in arriving at the net estimate of taxes receivable from the levies of prior years and, further, that the council had taken a different figure

for loss and cost for those prior years from the one set forth in the original ordinances of those years. "Summary D" also showed the amount of tax anticipation warrants deducted. In each case, the amount of outstanding tax warrants deducted was shown and the comptroller's annual report, compiled and published after the close of the year, showed the amount actually outstanding on December 31 of the respective year.

The 1947 appropriation ordinance did not state the amount deducted for loss and cost by the city council in arriving at the net estimate of taxes receivable from the levies of prior years. Nor did the appropriation ordinance and the records show that the city council, in 1947, in arriving at the net estimate of taxes receivable from levies of prior years, made any change in the loss and cost fixed in the original ordinances of those years. In the *Bunge case,* the net taxes receivable from levies of prior years was understated in the amount of $1,200,067.47 because of the overstatement of tax warrant liabilities. Similarly, in the *Frankenstein case,* the 1942 appropriation ordinance showed net taxes receivable from the levies of prior years understated in the amount of $2,651,180.14 because of the overstatement of tax warrant liabilities. Here, the 1947 appropriation ordinance discloses a figure of net taxes receivable from levies of prior years of $8,507,438.51. The ordinance does not, however, state the amount of tax warrants deducted nor the amount of loss and cost deducted from prior years, as was done in the appropriation ordinances considered in the *Bunge* and *Frankenstein cases.* Nevertheless, it affirmatively appears that the amount of $8,507,438.51 was understated to the extent of $2,537,-934.46 by deducting more tax warrants than were actually outstanding. The collector does not challenge the manner of the taxpayer's computation in the present case or its reconstruction of the summary similar to the one formerly used by the city of Chicago in its appropriation ordinances.

His point is simply this, that the amount used in the summary as loss and cost is not the proper figure to use.

Section 22-1 of the Revised Cities and Village Act, (Ill. Rev. Stat. 1949, chap. 24, par. 22-1,) applicable to the city of Chicago, to the extent relevant, provides that the annual appropriation ordinance shall set forth the net estimates of taxes to be received from the levies of prior years, after deducting the amounts estimated to be sufficient to cover the loss and cost of collecting these taxes. "These amounts," section 22-1 provides, further, "shall include (1) uncollectible taxes, (2) the cost of collecting taxes, (3) the amount of these taxes for the nonpayment of which real estate has been or will be forfeited to the State, and (4) the abatement in the amount of these taxes extended or to be extended upon the collector's books. In order to secure net estimates [of taxes to be received from the levies of prior years] there also shall be deducted the principal of all unpaid tax anticipation warrants and all interest accrued thereon and an amount estimated to be sufficient to cover all interest to accrue thereon until redemption of these tax anticipation warrants." The quoted language is not a grant of arbitrary power. A duty devolves upon the city council to estimate an amount adequate to cover the loss and cost of collecting the taxes for prior years and, in making this estimate, the council must necessarily exercise its judgment. The deductions prescribed, as well as the resultant estimate, must be shown in the records of official proceedings of the council. An estimated loss and cost reserve must, in like manner, be made by official action of the council and recorded in its official proceedings. Original loss and cost reserves were appropriated for each of the years 1941· to 1946, inclusive, as disclosed by the annual appropriation ordinances of these years. So far as the record in the case at bar discloses, the council did not elect to revise its original loss and cost estimates for the purpose of its 1947

appropriation ordinance and, not having so elected, no revised loss and cost estimates appear in the 1947 appropriation ordinance. This being so, the original loss and cost estimates for the years 1941 to 1946, inclusive, previously set forth, must stand.

The collector places reliance, however, upon the following statement attached to the 1947 appropriation ordinance: "Note: The estimates and appropriations in the appropriation bill are made in accordance with Section 2a of Article VII of 'An Act to provide for the incorporation of cities and villages' approved April 10, 1872, as amended, which includes the provision that, 'Estimates of taxes to be received from the levies of prior years shall be net, after deducting amounts estimated to be sufficient to cover the loss and costs of collecting such taxes which shall include uncollectible taxes, the cost of collecting taxes, the amounts of such taxes for the non payment of which real estate has been or shall be forfeited to the State and abatement in the amount of such taxes extended or to be extended upon the collector's books and after deducting also the principal of all anticipation tax warrants outstanding and all interest accrued thereon and the amounts estimated to be sufficient to cover all interest to accrue thereon until redemption of such anticipation tax warrants' and also provides 'that estimates of taxes to be received from the levies for the years prior to 1935 for general corporate purposes and estimates of the liability of the general corporate fund incurred prior to January 1, 1935, shall not be included in such (appropriation) ordinance.' " Referring to the quoted statement, the collector says, "The Council, however, stated that it was deducting from the paper value of the back taxes an amount sufficient to include the uncollectible taxes, the amount of taxes for which the non-payment of real estate has been or will be forfeited and abatements." This reflects an attempt to confuse and becloud the principal

issue as is apparent, when the collector says, "The real argument of the objector is to the effect that the 1947 appropriation ordinance did not particularize the basis for the 1947 estimate of net taxes receivable from the levy for the years 1941 to 1946 inclusive. Such particularization or itemization is not required under the statutes or decisions of our courts construing the statutes." No such claim is presented in this case, the precise issue raised by objector being, instead, that it and other taxpayers are entitled to know the amount of the allowance for loss and cost made by the city council. The city council, in its 1947 appropriation ordinance, could have increased the loss and cost previously determined by it if it decided that the facts warranted such action. This, the council did not do.

*People ex rel. Nash* v. *Northwestern Mutual Life Ins. Co.* 361 Ill. 248; *People ex rel. Gill* v. *Diversey Hotel Corp.* 364 Ill. 298; *People ex rel. Schlaeger* v. *Jourdan Packing Co.* 389 Ill. 163, and like cases, cannot avail the collector. The reasonableness of the amount estimated as necessary to cover loss and cost was involved in the cases cited. This issue is not presented here, for the sufficient reason that the collector does not commit himself to stating what amount was taken for loss and cost.

The annual report of the comptroller of the city of Chicago for the year 1946 discloses, as of December 31, 1946, the amount of taxes collectible for each of the years 1941 to 1946, inclusive; that no tax anticipation warrants were outstanding for the years 1941 to 1945, inclusive, and, further, the amount of tax warrants for the year 1946 outstanding on December 31, 1946. The taxpayer's objection is based upon this information. The taxpayer alleged that the loss and cost fixed by the city council at the time the tax levies for the five years, 1941-1945, were made was not changed by the city council in making its 1947 appropriation, as the appropriation ordinance itself discloses. In short, there is no showing that loss and cost

items were either increased or decreased by the council in making its 1947 appropriations. Consequently, the only permissible inference is that the council determined that it was warranted in leaving the loss and cost items at the figures set forth in the ordinances for the respective years.

Upon the authority of *People* v. *Frankenstein & Co.* 396 Ill. 524, and *People* v. *Bunge Brothers Coal Co.* 392 Ill. 153, which support defendant's single objection to the 1947 taxes of the city of Chicago and are not distinguishable in any material respect from the factual situation in the present case, and for the reasons set forth in this opinion, the judgment of the county court of Cook County is affirmed.

*Judgment affirmed.*