(No. 23347.—

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellee, *vs.* THE DIVERSEY HOTEL CORPORATION, Appellant.

*Opinion filed October 14, 1936.*

ADELBERT BROWN, for appellant.

THOMAS J. COURTNEY, State's Attorney, BARNET HODES, Corporation Counsel, and ELMER J. WHITTY, (HAYDEN N. BELL, JACOB SHAMBERG, JOSEPH F. GROSSMAN, OTHO S. FASIG, LAWRENCE J. FENLON, and EDMOND P. MALONEY, of counsel,) for appellee.

Per CURIAM: This appeal involves the correctness of four rulings by the county court of Cook county in refusing to sustain objections of appellant to (1) the Sanitary District of Chicago corporate fund tax, (2) the city of Chicago corporate fund tax, (3) the city of Chicago library fund tax, and (4) the city of Chicago tubercular sanitarium fund tax. It is stipulated that items 3 and 4 are identical, and we need therefore rule only on the first three levies above enumerated.

As to the Sanitary District of Chicago corporate fund tax, appellant contends that the levy is illegal in that it does not show the amount appropriated for each object or purpose. On this point the sanitary district replies that the amount levied for each purpose need not be set out in itemized detail in the levy ordinance and that it is set forth with sufficient particularity in the appropriation ordinance.

As to the city of Chicago corporate fund tax, appellant contends that there was included in the total appropriated needs of $52,683,051.26, an item of $4,800,000 for loss and cost of collection of taxes; that the estimated income from miscellaneous sources was $12,705,000 and the amount to be raised by taxation was $40,000,000; that the allow-

ance for loss and cost is twelve per cent of the amount to be raised by taxation and is excessive to the extent that it exceeds .0463 per cent. On this point the city replies that the item of $4,800,000 appropriated for loss and cost was not included in the tax levy and was not an appropriation for expenditure; that it was merely a reserve for loss of estimated revenue, which did not affect the tax levy, and, furthermore, that it was required to insert the item by the provisions of section 2a of article 7 of the Cities and Villages act. (Cahill's Stat. 1933, chap. 24, art. 7, par. 93.) As to the levy for the Chicago library fund tax, appellant contends that there was a sufficient surplus on January 1, 1933, available for 1933 to satisfy the needs for the fiscal year, to which the city replies that the item designated as surplus in the appropriation ordinance was merely an estimate of net current assets; that the ordinance does not state, and does not, in fact, show, cash or funds available for expenditure or to be available for 1933.

Appellant's argument in regard to the Sanitary District of Chicago corporate fund tax centers around a contention that in the final result it has become impossible for a taxpayer to know how much has been levied for any specific item within that fund. It points out that the original appropriation ordinance aggregated more than eight million dollars for this fund; that it was reduced to four million dollars by the tax levy ordinance, which was again reduced by an extension of only the maximum rate permissible, and once more reduced by the order of the county court when it held that all of that portion which the clerk had added for loss and cost in excess of .0463 per cent was excessive and illegal. Appellant cites many cases in support of the general and recognized rule that the tax-payers have a right to know the purposes for which public money is appropriated, such as *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 356 Ill. 272, *People* v. *New York, Chicago and St. Louis Railroad Co.* 352 id. 603, and *People*

v. *Chicago, Burlington and Quincy Railroad Co.* 360 id.
433, appearing to rely especially upon certain language in
the cases first and last above cited. These cases refer to
taxes levied by county boards of supervisors and were gov-
erned by section 121 of the Revenue act. Other cases cited
refer to taxes levied by cities, villages or townships. In
*People* v. *Cairo, Vincennes and Chicago Railway Co.* 237
Ill. 312, we pointed out that section 121 is limited to the
levy of county taxes, and in *People* v. *Bowman,* 253 Ill.
234, we held directly that section 121 does not apply to a
sanitary district.

The Sanitary District of Chicago levies its taxes in ac-
cordance with a complete statutory plan therefor, which is
specifically set forth in the act under which it is organized.
(42 S. H. A. sec. 320 *et seq.*) The act provides for the
adoption of a budget and an appropriation ordinance based
thereon. It also requires publication of all essential steps
and detailed statements of all items of receipts and expen-
ditures. It requires the designation of different funds and
detailed statements, which are required to be published and
to be available at the office of the district. Section 12 of
the act confers the power to levy taxes, and requires the
board to cause the amount to be raised by taxation in each
year to be certified to the county clerk on or before the
second Tuesday in August, as provided in section 122 of
the general Revenue law. There is nothing in this record
to show any defect in compliance with the act, and the pre-
sumption always is that all officers have properly discharged
their duties. (*People* v. *Keener,* 194 Ill. 16; *People* v.
*Atchison, Topeka and Santa Fe Railroad Co.* 276 id. 208;
*People* v. *Sandberg Co.* 277 id. 567; *People* v. *Wabash
Railway Co.* 344 id. 606.) There was no error in the rul-
ing of the county court.

Appellant contends that the city of Chicago corporate
fund levy is invalid because it is said to have included an
illegal item of $4,800,000 for loss and cost. There was no

appropriation made for loss and cost, the record merely showing that the estimated loss and cost on the 1933 taxes would amount to the sum of $4,800,000, which sum was taken into consideration with other items, including income, in arriving at the net amount to be levied. Appellant cites no authority, but quotes certain language from *People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 Ill. 150, which is not a case in point. The levy in that case was made by the county board of Cook county and there was a specific levy of an item of $3,241,223.42. It was held that the county board had no authority to make such an appropriation or tax levy for such purpose, and that the clerk had no authority to use the item in a scaling process, acting merely in an administrative capacity. Section 2a of article 7 of the Cities and Villages act not only authorizes but requires the action here taken. It is required that appropriation ordinances in cities of over 150,000 population shall include an amount estimated to be sufficient to cover the loss and cost of collecting taxes to be levied for any fiscal year. (S. H. A. chap. 24, sec. 102.) The action of the city council would appear to have been strictly in accord with the provisions of this act.

Appellant's final contention is that the levy of $1,900,000 for the city of Chicago library fund was entirely unnecessary, and therefore void *in toto*. The objection is based upon the Budget law (S. H. A. chap. 24, sec. 102,) which requires the annual appropriation ordinance to estimate by classes all current assets and liabilities of each fund available for appropriation. It appears from the record that the total current assets on January 1, 1933, including cash on hand and all uncollected taxes for previous years, less liabilities, indicated an available surplus of $1,938,563.68, which, if all assets were collectible, would be more than the sum levied by the ordinance for this particular fund. It is clearly apparent, however, from the entire ordinance, that this item was nothing more than a paper asset, which could

be neither appropriated nor expended. We have directly held in *People* v. *Maxwell & Co.* 359 Ill. 570, that the city council is not required to give value to uncollected taxes for previous years merely because of their existence on the books, and in the same case we pointed out the presumption that the tax was legally levied and the duty of the objector to show the invalidity of the tax. On the record before us we are unable to find anything to show that there was sufficient money in the treasury with which to pay bills without the levy of the tax which is objected to, and we find no error in the ruling of the county court.

*Judgment affirmed.*