The People *ex rel.* Ralph B. Thompson *et al.*, Plaintiffs-Appellants, *v.* The Property Tax Appeal Board *et al.*, Defendants-Appellees.

(No. 73-377;

Second District—September 27, 1974.

Margaret E. Thompson, of Hinsdale, for appellants.

William J. Scott, Attorney General, of Chicago and John J. Bowman, State's Attorney, of Wheaton (Paul J. Bargiel and Robert G. Epsteen, Assistant Attorneys General, and James F. Campion, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE KEITH SCOTT delivered the opinion of the court:

In March, 1972, the Board of Review of Du Page County confirmed the assessor's valuation on certain residential property of Ralph B. Thompson or of Ralph B. and Margaret E. Thompson, being $13,650 on the land and $22,580 on improvements. An appeal was filed in proper time by Margaret E. Thompson as owner with the Property Tax Appeal Board. Hearing on the appeal was set and had July 20, 1972. Notice of the hearing was given to the appellant and the Board of Review, State's Attorney, and supervisor of assessments in Du Page County. Mrs. Thompson filed a brief and 14 exhibits and testified at the hearing. One witness was called by the Board of Review. In September, 1972, the Property Tax Appeal Board entered its finding that the decision of the Du Page County Board of Review was correct and that the correct assessed valuation of the property was $13,650 on the land and $22,580 on the improvements for a total of $36,230.

Within 35 days thereafter Mrs. Thompson filed a 17-page complaint

for administrative review, which complaint was captioned as shown in the title of this case.

Timely motion was filed by the Board of Review, supervisor of assessments, and State's Attorney of Du Page County to strike and to dismiss certain defendants, to strike and to dismiss certain plaintiffs, and to strike certain portions of plaintiffs' complaint. Thereafter Mrs. Thompson moved for the appointment of a special prosecutor. In November the answer of the Property Tax Appeal Board was filed by the Attorney General.

In February, 1973, the trial court entered an order dismissing the plaintiffs "People of the State of Illinois," striking a large portion of plaintiffs' complaint and prayer for relief, and giving "defendant [*sic*]" leave to file an amended complaint. The motion to dismiss as to certain defendants was denied, and an amended prayer for relief was subsequently filed.

The final order of the trial court was thereafter entered April 12, 1973, finding that the decision of the Property Tax Appeal Board was supported by the record and dismissing plaintiffs' appeal. On the same day Mrs. Thompson (hereafter referred to as plaintiff) filed notice of appeal to this court.

On May 10, 1973, a second notice of appeal was filed by the plaintiff. On July 30, 1973, the trial court entered an order denying the motion filed by plaintiff for consolidation and for the appointment of a special prosecutor. On August 30, 1973, plaintiff filed a third notice of appeal from the trial court's order of July 30, 1973.

■■ Plaintiff improperly seeks to make a class action out of her complaint for administrative review. It is fundamental that the right to administrative review is limited to the parties in the original administrative proceedings. *Frank v. State Sanitary Water Board*, 33 Ill.App.2d 1:

> "The Administrative Review Act (Ill. Rev. Stat. c 110, §§ 264-279, 1959) provides that unless review of an administrative decision is sought in the manner provided by the act, the *parties* to the proceeding before the agency shall be barred from obtaining judicial review (Sec. 265). The act further provides that in any action to review a final decision of an administrative agency, the agency and all persons other than the plaintiff, *who were parties of record* to the proceeding before the administrative agency shall be made defendants (§ 271). Section 264 defines administrative decision as any decision, order or determination which affects the legal rights, duties or privileges of the *parties*. It thus appears that the right of administrative review is limited to the parties to the administrative proceeding. Stirniman v. County

Board of School Trustees, 26 IllApp2d 245, 167 NE2d 829; Winston v. Zoning Board of Appeals, 407 Ill 588, 95 NE2d 864." 33 Ill.App.2d at 7.

■■ Moreover, the factual situation appearing in the record and recited in plaintiff's complaint for administrative review wholly fails to meet the test commonly applied in determining the propriety of a class action as set out in *De Phillips v. Mortgage Associates, Inc.*, 8 Ill.App.3d 759, 762:

> "In determining the propriety of a class action, the test to be applied is the existence of a community of interest in the subject matter and a community of interest in the remedy. (*Harrison Sheet Metal Co. v. Lyons*, 15 Ill. 2d 532, 155 N.E. 2d 595.) The factors to be considered in applying this test are: (1) whether the claims of all members of the class share a common question of law and fact; (2) whether the causes of action of the members of the class arise from the same transaction; (3) whether one party can adequately represent the rights and interests of all other members of the purported class; (4) whether the number of possible class members renders separate litigation impossible or impractical; and, (5) whether there exists a purely equitable cause of action. *Moseid v. McDonough*, 103 Ill. App. 2d 23, 243 N.E. 2d 394." (See also *Reardon v. Ford Motor Co.*, 7 Ill.App.3d 338, 342.)

Involved in plaintiff's action for administrative review is the decision of the Property Tax Appeal Board with reference to the assessed valuation of a single tract of real estate owned by plaintiff or plaintiff and her husband. As hereinabove noted, the jurisdiction of the Property Tax Appeal Board was limited to the single issue raised by the plaintiff in her appeal to that Board. There is no basis whatsoever for a representative suit here.

■■ Additionally, it should be noted that in any event plaintiff has erroneously titled her cause, if, in fact, she desired to institute a "class action." The title describes, rather, a suit brought on behalf of the public —by or for the People of the State of Illinois—not for any *group* or *class* of persons. There is a clear distinction between the two. They are arguably mutually exclusive.

■■ A more serious objection to plaintiff's petition is her attempt to bring such representative suit *pro se*. Margaret E. Thompson, a lay person, is privileged to appear on her own behalf but she has no such privilege or authority to represent in courts of law other persons or a class unless admitted to the practice of law. And it appears by clear inference, if not directly from plaintiff's brief, that she isn't admitted to the practice before the courts of Illinois. She cannot represent a class

or the members of a class, as individuals directly. (*Lake Shore Management Co. v. Blum*, 92 Ill.App.2d 47.) She cannot be permitted to do that indirectly. The only proper plaintiff in this case is Margaret E. Thompson. The trial court's dismissal of "The People of the State of Illinois" was proper.

■■ Plaintiff contends the Property Tax Appeal Board lacks authority to decide the scope of its review. It is correct that where the authority of an administrative body is in question the determination of the scope of its power and authority is a judicial function, not a question to be finally determined by the administrative agency itself. (See *Social Security Board v. Nierotko*, 327 U.S. 358, 369—"An agency may not finally decide the limits of its statutory power. That is a judicial function.") It, of course, does not follow that an administrative body can never determine the scope of its jurisdiction in any situation. In any case, by acting or refusing to act, it necessarily determines that the subject matter and its activity are or are not within the purview of the statute creating the agency. To that extent the Property Tax Appeal Board was authorized to make, and necessarily made, such determination of the scope of its review in this case. The correctness of that determination, of course, may be raised on review. It is a question of law and not of fact. And we hold here that the Property Tax Appeal Board in this case as a matter of law correctly determined its jurisdiction and the scope of its review.

■■ Plaintiff further contends that the Property Tax Appeal Board erroneously limited its consideration of plaintiff's appeal from the decision of the Du Page County Board of Review to the question of the correctness of the assessment on the Thompson property. The plaintiff has proceeded on a mistaken conception and misunderstanding of the jurisdiction and function of the Property Tax Appeal Board and its relation to the Department of Local Government Affairs. In the record of the proceedings before the Property Tax Appeal Board (page 183), referring to assessments of other tracts in the area, Mrs. Thompson said, "All I am asking you to do in this case is to recommend to the Department that they look into it and ask to have it reassessed." And again, "Well, you have the same authority as the Board of Review has—to correct descriptions, to add property if it isn't added." And in paragraph 26 of the complaint for review she has contended "that the agency failed and refused to take jurisdiction in equity to compel property to be properly platted and described for assessment purposes; that the agency failed and refused to take equity jurisdiction to compel compliance to the Illinois Revenue Act." The Property Tax Appeal Board is not authorized to do any of these things.

■■ Legislative history clearly shows that the Property Tax Appeal

Board and the Department of Local Government Affairs are distinct entities. The Property Tax Appeal Board is not in its origin or history an administrative arm of the Department of Local Government Affairs (prior to January 1, 1970, the Department of Revenue). The only authority and power placed in the Board by statute is to receive appeals from decisions of Boards of Review (Ill. Rev. Stat. 1973, ch. 120, par. 592.1), make rules of procedure (par. 592.2), conduct hearings (par. 592.3), and make a decision on the appeal (par. 592.4). That is all. The only types of appeal provided for in the statute are by "any taxpayer dissatisfied with the decision of a Board of Review *as such decision pertains to an assessment of his property* for taxation purposes or any taxing body that has an interest in the decision of the Board of Review on an assessment made by any local assessment officer   *   *   *." The statute has remained virtually unchanged except that the Department of Revenue has been superseded by the Department of Local Government Affairs. There are no other prerogatives, powers, or authority accorded to the Board. It is fundamental that an administrative body has only such powers as are granted in the statute creating it. No citation of authority on this point is necessary.

Plaintiff has erroneously contended that it is within the power and authority, and that it is the duty, of the Property Tax Appeal Board "to see to it that taxes are equal and just." There is nothing in the statute or history of the Property Tax Appeal Board to indicate or suggest that the Board has any authority except to review the assessment on individual property as it has done here. The Property Tax Appeal Board in this case correctly processed the appeal by Margaret E. Thompson and limited the scope of its review to consideration of the decision of the Board of Review of Du Page County and to the question of the correct assessed valuation of plaintiff's property. Plaintiff refers to section 130 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 611). An examination of sections 130 through 140 shows clearly the Property Tax Appeal Board is in no way involved in the activities authorized, and directed in those sections for the Department of Local Government Affairs. The contention of plaintiff that the authority and jurisdiction of the Property Tax Appeal Board extends beyond its activities reflected in the record here must be denied.

■■ On administrative review the court may, and should, consider and determine as a matter of law, if the issue is raised, whether or not the administrative agency has acted within and according to the provisions of the statute creating it. This we have done. The only other function of the court on administrative review is to determine whether or not there is evidence to support the decision of the administrative agency. This rule

is well stated in *Fenyes v. State Employees' Retirement System,* 17 Ill.2d 106, 111:

> "Under the Administrative Review Act, the findings of the administrative agency on questions of fact are *prima facie* correct. They may be reviewed to determine if they are supported by the evidence, but they can be set aside only if against the manifest weight of the evidence. *Kellogg Switchboard and Supply Corp. v. Department of Revenue,* 14 Ill.2d 434; *Logan v. Civil Service Com.* 3 Ill.2d 81; *Drezner v. Civil Service Com.* 398 Ill. 219.

> The judicial function of the reviewing court in such case is comparable to that presented where such court is called upon to determine an issue at law as to whether there is competent evidence to support the judgment of the lower court, and when there is evidence to support the findings of the administrative agency, its decision will be affirmed. *Kellogg Switchboard and Supply Corp. v. Department of Revenue,* 14 Ill.2d 434, 439."

The rule has been stated in various language. In *Wolbach v. Zoning Board of Appeals,* 82 Ill.App.2d 288, 296, the court said, "In order to reverse the administrative order, it is required that an opposite conclusion be clearly evident." There are other cases to the same effect. In addition, on appeal "the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1973, ch. 110, par. 274.) We have examined the record of the hearing before the Property Tax Appeal Board and find that the Property Tax Appeal Board's decision is amply supported by competent evidence. Involved here is a residential property of 3.9 acres. Mrs. Thompson testified about land in the immediate vicinity. (Record at 182.) She stated, "* * * I am telling you all this land is worth fifteen thousand dollars an acre at a minimum and possibly more." Mr. Randolph: "That is including yours?" Mrs. Thompson: "Including mine." Mr. Marack, for the Board of Review, testified: "The hearing was held on March 10, 1972. The note I have from the hearing is that the owner stated that the property was worth at least seventy-two thousand dollars." (Record at 184.) This testimony was not contradicted by plaintiff.

■■ The findings of fact of the Property Tax Appeal Board are sufficient, having consideration for the very limited nature of its inquiry, viz., the correct assessment of the property subject to appeal. The decision of the Property Tax Appeal Board (record at 186) correctly states the Board's function and jurisdiction and finds the correct assessed valuation on the property here involved is $13,650 for land and $22,580 for improvements, or a total of $36,230. No further detailed finding of facts by the Property Tax Appeal Board was necessary.

■■ Plaintiff contends the trial court erred in not following her motion that the court make findings of fact and state propositions of law upon which its opinion was based, referring to section 12(3) of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 275(3)). We believe, however, that the court's finding "that the Property Tax Appeal Board in making its determination is supported by the evidence adduced before it and that its determination is warranted by the entire record" is sufficient in this case and that the failure to make any further definitive findings or to recite any propositions of law in this case is not reversible error.

■■ Plaintiff claims error as to the denial of her motion for consolidation and for the appointment of a special State's Attorney or prosecuting attorney. This motion was made or renewed after plaintiff had perfected her appeal, and the contention of the defendant Property Tax Appeal Board that the motions came too late is well taken. It addition to the technical defense, however, it should be observed that the motion was properly denied on its merits for the reason that there was no representation or showing that a consolidation was proper in any event. The motion with respect to the appointment of a special prosecuting attorney contained wholly irrelevant allegations, in part slanderous and impertinent, and was properly denied.

■■ The Property Tax Appeal Board has contended that plaintiff failed to meet her burden of proof to overcome the presumption that the assessed valuation was correct. *People ex rel. Gill v. Diversey Hotel Corp.*, 364 Ill. 298, 4 N.E.2d 365 (1936); and *People ex rel. Stukart v. N. J. Sandberg Co.*, 277 Ill. 567, 115 N.E. 741 (1917), cited by the Property Tax Appeal Board involve the correctness of tax *levies*, not assessed valuations, and in them the court did refer to the presumption that the tax was legally levied and the burden was on the objector to rebut the presumption by clear and convincing evidence. The proposition involved in those cases is not involved here.

*People ex rel. Paschen v. Morrison Hotel Corp.*, 9 Ill.2d 187, also cited by the Appeal Board is an appeal from judgments of the county court directing refunds to Morrison Hotel Corp., which had paid real estate taxes under protest. The trial court found the assessments were "excessive, discriminatory, and amounted to fraud." The supreme court disagreed and at page 190 said, "It is fundamental that the objector has the burden of establishing a right to judicial relief by clear and convincing evidence, the tax being presumed valid."

However, in light of the provision in section 111.4 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 592.4), that "[t]he Board shall make a decision in each appeal or case heard by it, and such de-

cision shall be based upon equity and the weight of the evidence and not upon constructive fraud * * *," we believe the propositions above quoted in the Morrison Hotel Corp. case and relied upon by the Property Tax Appeal Board here are not applicable to hearings before or appeals taken to the Property Tax Appeal Board.

It is noteworthy that no presumption of correctness or validity is accorded the original assessment or the assessment of the Will County Board of Review in *Will County Board of Review v. Property Tax Appeal Board*, 48 Ill.2d 513.

An examination of the record here leaves no question as to the propriety of the trial court's ruling in allowing the defense motion, striking and dismissing the plaintiff "People of the State of Illinois," and in striking a major portion of plaintiff's original pleading. The paragraphs stricken were extraneous to the issues, irrelevant, surplusage, and improperly pleaded conclusions of law not germane to any of the issues properly raised in the complaint for administrative review. It is not necessary to consider in detail the particulars of the stricken portions. That it was improper pleading and properly stricken is beyond question.

The judgment of the trial court of DuPage County affirming the decision of the Property Tax Appeal Board and dismissing plaintiff's complaint is affirmed.

Affirmed.

G. MORAN, P. J., and CARTER, J., concur.