# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Hooker v. Retirement Board of the Firemen's Annuity & Benefit Fund,**
**2012 IL App (1st) 111625**

---

| | |
|---|---|
| Appellate Court Caption | DANIEL HOOKER, as Special Representative/Heir, and JUNE E. MURPHY, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs-Appellants, v. RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-11-1625 |
| Filed | May 9, 2012 |
| Rehearing denied | July 12, 2012 |
| Modified on denial of rehearing | July 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by two widows of firefighters seeking a declaratory judgment that the defendant retirement board had to include duty availability pay in the current salary attached to the applicable positions in calculating the widows' annuities under section 6-140 of the Pension Code and the certification of the class of similarly situated widows, the trial court's entry of summary judgment for the retirement board as to the calculation of the annuities and the court's denial of class certification were reversed and the cause was remanded, since section 6-111 of the Pension Code required the inclusion of the duty availability pay in the current salary attached to all firefighter positions, including the positions attained by the widows' husbands, in calculating the annuities and the proposed class met the statutory criteria for class certification. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 03-CH-02268; the Hon. Sebastian T. Patti, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Martin O. Holland, of Evergreen Park, for appellants. |
| | Burke Burns & Pinelli, Ltd., of Chicago (Mary Patricia Burns, Vincent D. Pinelli, and Madeleine S. Podesta, of counsel), for appellee. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion. Presiding Justice Steele and Justice Salone concurred in the judgment and opinion. |

## OPINION

¶ 1     In this case we must interpret sections 6-111 and 6-140 of the Illinois Pension Code (Code) (40 ILCS 5/6-111, 6-140 (West 2008)). Two widows of firefighters sued the Retirement Board of the Firemen's Annuity and Benefit Fund (Board) for a judgment declaring that the Board must include duty availability pay (DAP) in the current salary attached to the applicable positions for purposes of calculating the widows' annuities under section 6-140 of the Code. The widows sought certification of the class of all similarly situated widows. The trial court granted the Board summary judgment on the complaint, but it refused to certify the class. On the widows' appeal, we hold that section 6-111 requires the inclusion of DAP in the current salary attached to all firefighter positions, including the positions attained by the widows' husbands, for purposes of calculating annuities under section 6-140. We also find that the trial court abused its discretion when it refused to certify the proposed class. Therefore, we reverse and remand for further proceedings in accord with this opinion.

¶ 2                                         BACKGROUND
¶ 3     James Murphy began working for the Chicago fire department in 1966. In 1985, he suffered a stroke while responding to a fire. The Board awarded James a duty disability benefit under section 6-151 of the Code (Ill. Rev. Stat. 1985, ch. 108½, ¶ 6-151 (now see 40 ILCS 5/6-151 (West 2008))). James died in 1998. His widow, June Murphy, filed a claim with the Board for benefits. The Board awarded June the widow's minimum annuity. See 40 ILCS 5/6-141.1 (West 2000).

¶ 4    Michael Hooker began working for the Chicago fire department in 1967. He suffered a debilitating injury while working for the fire department in 1988. The Board awarded him a duty disability benefit. Michael died in 2000. Michael's widow, Elaine Hooker, applied to the Board for benefits. The Board awarded Elaine the widow's minimum annuity.

¶ 5    Both June and Elaine thought the Code entitled them to the annuities for widows of firemen who died in the line of duty. See 40 ILCS 5/6-140 (West 2000). They filed a complaint for administrative review of their awards of the minimum annuity. The trial court, following *Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 351 Ill. App. 3d 368 (2004), entered a judgment requiring the Board to award June and Elaine the line-of-duty death benefits prescribed in section 6-140 of the Code. See 40 ILCS 5/6-140 (West 2000). The Board made the benefits retroactive to the date the appellate court published *Bertucci*.

¶ 6    In 2004, the General Assembly adopted Public Act 93-654, which amended the Code to expand the reach of the Code and to increase some of the benefits available under the Code. Pub. Act 93-654 (eff. Jan. 1, 2004). The Code, as amended, required the Board to include DAP in the salaries of some employees for purposes of the pension and annuity calculations. June and Elaine interpreted the amendment to increase their benefits. They also believed the Code required the Board to award the line-of-duty retroactively to the dates their husbands died. June and Elaine amended their complaint for administrative review to seek further review for the Board's revised decision, asking for the increased line-of-duty benefits from the dates of their husbands' deaths, and not at the date of the *Bertucci* decision.

¶ 7    They also sought, in a second count of their amended complaint, a judgment declaring that the Board miscalculated the benefits when it did not include DAP in the calculation of their annuities, with the addition of DAP to increase the annuities starting on the effective date of Public Act 93-654. They asked leave to bring the claim in the second count, related to DAP, as a class action.

¶ 8    June and Elaine defined the proposed class as:

"all surviving spouses (widows) of Chicago firefighters who:

a. were determined by the Board to be permanently and duty disabled under section 6-151 and 6-151.1 of the Code as a result of injuries or illnesses received in the course of their duties so as to be unable to return to active duty prior to their death; and,

b. died *** prior to reaching the age of retirement."

They added a further qualification, that the class members must have the right to receive benefits pursuant to section 6-140 of the Code. They presented to the court a list of more than 100 widows who, according to June and Elaine, met the criteria for inclusion in the proposed class. They claimed that the Board systematically denied all class members part of the annuities owed to the class members, because the Board did not include DAP in the calculation of the annuities.

¶ 9    The trial court permitted June and Elaine to file the amended complaint, but the court stayed proceedings on the class action claim pending resolution of the first count. The court reversed the Board's decision limiting June's and Elaine's benefits, and ordered the Board

-3-

to pay June and Elaine benefits prescribed by section 6-140 of the Code retroactively to the dates of their spouses' deaths. The Board appealed and this court affirmed the decision. *Hooker v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 129 (2009).

¶ 10    On remand, the Board paid June and Elaine benefits under section 6-140, but it did not include DAP in its calculation of the amount due under that section. The Board argued that the Code required no adjustment to the annuities for DAP because James and Michael never received DAP. The trial court denied June and Elaine's motion to certify the class, and the court granted the Board's motion for summary judgment on the complaint. June and Elaine now appeal.

¶ 11                                                    ANALYSIS
¶ 12                                              Duty Availability Pay
¶ 13    This case turns on the interpretation of a statute, and thus it presents a question of law that we review *de novo*. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503 (2000). We must ascertain and give effect to the legislature's intent. *Michigan Avenue*, 191 Ill. 2d at 503-04. To do so we look first to the plain and ordinary meaning of the statutory language, viewing all provisions of the statute as a whole and interpreting each section of the statute in light of other relevant statutory provisions. *Michigan Avenue*, 191 Ill. 2d at 504.

¶ 14    In Public Act 93-654, the legislature modified the calculation of pensions and annuities for firefighters and their families. Some sections of the Code make payments to the firefighters and their families depend on the amount the firefighters received in salary when they worked as firefighters. See, *e.g.*, 40 ILCS 5/6-123 (West 2008) (annuity based on salary firefighter received one year prior to retirement); 40 ILCS 5/6-124.1 (West 2008) (annuity based on average salary for 10-year period plus a percentage of salary earned in other years). Other sections of the Code make the payments to the firefighters and their families depend only on the "current annual *** salary attached to the classified *** position" the firefighter had attained before his death or retirement. 40 ILCS 5/6-148 (West 2008).

¶ 15    Section 6-111 of the Code, as amended, provides:

"(i) Beginning on the effective date of this amendatory Act *** [Public Act 93-654] (and for any period prior to that date for which contributions have been paid under subsection (j) of this Section), the salary of a fireman, as calculated for any purpose under this Article, shall include any duty availability pay received by the fireman ***, and references in this Article to the salary attached to or appropriated for the permanent assigned position or classified career service rank, grade, or position of the fireman shall be deemed to include that duty availability pay.

(j) An active or former fireman who received duty availability pay at any time after December 31, 1994 and before the effective date of this amendatory Act *** who *** retired during that period *** may elect to have that duty availability pay included in the calculation of his or her salary for any portion of that period for which the pay was received, by applying in writing and paying to the Fund, before January 1, 2006, the

corresponding employee contribution, without interest.

*\*\**

In the case of an active or former fireman who (i) dies before January 1, 2006 without making an election under this subsection and (ii) was eligible to make an election under this subsection at the time of death (or would have been eligible had the death occurred after the effective date of this amendatory Act), any surviving spouse, child, or parent of the fireman who is eligible to receive a benefit under this Article based on the fireman's salary may make that election and pay the required contribution on behalf of the deceased fireman. *\*\**

Any duty availability pay for which the corresponding employee contribution has not been paid shall not be included in the calculation of salary." 40 ILCS 5/6-111(i), (j) (West 2008).

¶ 16 Section 6-140, which applies to June, Elaine, and all members of the proposed class, provides:

"The annuity for the widow of a fireman whose death results from the performance of an act or acts of duty shall be an amount equal to 50% of the current annual salary attached to the classified position to which the fireman was certified at the time of his death and 75% thereof after December 31, 1972." 40 ILCS 5/6-140(a) (West 2008).

The section makes the amount of the annuity depend not on the deceased firefighter's salary at any time; rather, the annuity depends on "the current annual salary attached to the classified position to which the fireman was certified at the time of his death." 40 ILCS 5/6-140(a) (West 2008). The amount of the widow's annuity increases whenever the fire department increases the pay for firefighters at the decedent's pay grade, even though the decedent never received the increased pay. *Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 215 (1983). Section 6-111(i) clarifies that "references in this Article to the salary attached to or appropriated for the permanent assigned position or classified career service rank, grade, or position of the fireman shall be deemed to include that duty availability pay." 40 ILCS 5/6-111(i) (West 2008). Thus, the Code provides that the Board must include DAP in the salary attached to the positions Michael and James attained before their injuries. 40 ILCS 5/6-111, 6-140 (West 2008).

¶ 17 The Board contends that it cannot include DAP in the calculation of June's and Elaine's annuities, because section 6-111(i) provides only that "the salary of a fireman, as calculated for any purpose under this Article, shall include any duty availability pay received by the fireman." 40 ILCS 5/6-111(i) (West 2008). According to the Board, since James and Michael never received any DAP, the Board must not include DAP in calculation of their salaries. Moreover, even if they had received DAP, the Board could include that amount in the calculation of their salaries only if they or their widows made the appropriate election under section 6-111(j). James, Michael, June and Elaine made no such election.

¶ 18 We agree with the Board that for any calculation based on the salaries James and Michael received, the Board should not include duty availability pay in the calculation. However, the legislature expressly chose to make the annuity in section 6-140 depend on "the current annual salary attached to the classified position to which the fireman was certified at the time

-5-

of his death," and not on the salary the fireman received. 40 ILCS 5/6-140(a) (West 2008).

¶ 19     Next, the Board claims that section 6-142 of the Code bars June and Elaine from having the Board include DAP in the calculation of their annuities. Section 6-142 provides:

> "If the widow of a fireman who died before January 16, 2004 becomes eligible for a widow's annuity because of Public Act 93-654, the annuity shall begin to accrue on the date of application for the annuity, but in no event sooner than January 16, 2004." 40 ILCS 5/6-142 (West 2008).

The Board argues that it cannot recalculate the annuities for June and Elaine because neither applied for annuities after the amendment to the Code. Both applied for their annuities when their husbands died, years before the amendment took effect.

¶ 20     Section 6-142 by its own terms applies only to widows who became eligible for widows' annuities because of the amendments in Public Act 93-654. Both June and Elaine qualified for widows' annuities prior to the amendment. The Board presents no case, statute or regulation to support its claim that the section requires a new application from every widow entitled to an increase in her annuity because of the amendment. In view of the plain language of the section, we must reject the Board's argument. See *Michigan Avenue*, 191 Ill. 2d at 504.

¶ 21     Applying the unambiguous language of sections 6-111(i) and 6-140, we find that the Board must pay June and Elaine annuities based on the current salaries for the positions their husbands attained as firefighters, and those current salaries must include DAP. We reverse the judgment of the trial court and remand for calculation of the appropriate award of annuities.

¶ 22                             Class Certification

¶ 23     June and Elaine also appeal from the denial of their motion to certify the class of more than 100 similarly situated widows who are eligible for benefits under section 6-140 of the Code and whose husbands had duty-related disabilities and who died before reaching retirement age. The Board contends that the trial court could not certify the class because the Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2008)) does not permit class actions in administrative review. See *People ex rel. Thompson v. Property Tax Appeal Board*, 22 Ill. App. 3d 316, 319 (1974).

¶ 24     On this issue, we adopt the reasoning of the trial court, which relied on the decision in *Board of Education of the City of Chicago v. Board of Trustees of the Public Schools Teachers' Pension & Retirement Fund*, 395 Ill. App. 3d 735 (2009). The *Board of Education* court held:

> "A systemic miscalculation falls outside the definition of an 'administrative decision' under the review law. It is not a 'decision, order or determination of any administrative agency rendered in a particular case,' but a 'rule[ ], regulation[ ], standard[ ], or statement[ ] of policy.'" *Board of Education*, 395 Ill. App. 3d at 744 (quoting 735 ILCS 5/3-101 (West 2006)).

¶ 25     Here, too, the Board systematically miscalculated the annuities due to the class members

by excluding DAP from the calculation. June and Elaine seek a declaratory judgment clarifying the meaning of the amendatory act, not review of a formal administrative decision concerning that act. Therefore, the Administrative Review Law does not require dismissal of the motion for class certification.

¶ 26 This court will not reverse the trial court's decision on a motion for class certification unless the trial court abused its discretion or applied impermissible legal criteria. *Gordon v. Boden*, 224 Ill. App. 3d 195, 199-200 (1991). "However, '[a] trial court's discretion in deciding whether to certify a class action is not unlimited and is bounded by and must be exercised within the framework of the civil procedure rule governing class actions.' " *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 126 (2005) (quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 13:62, at 475 (4th ed. 2002)).

¶ 27 Section 2-801 of the Code of Civil Procedure prescribes the legal criteria a court must consider when reviewing a motion for class certification:

"An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801 (West 2000).

¶ 28 With more than 100 members, the class meets the numerosity requirement. See *Wood River Area Development Corp. v. Germania Federal Savings & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (1990). The Board does not challenge June's and Elaine's ability to fairly and adequately protect the interests of the class.

¶ 29 " 'A common question may be shown when the claims of the individual class members are based upon the common application of a statute or when the members are aggrieved by the same or similar conduct [citation] or a pattern of conduct [citations].' " *Clark v. TAP Pharmaceutical Products, Inc.*, 343 Ill. App. 3d 538, 548 (2003) (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 321 Ill. App. 3d 269, 280 (2001), *aff'd in part & rev'd in part*, 216 Ill. 2d 100 (2005)). All of the class members need a resolution of the question of whether the Board must include DAP in the calculation of the class members' annuities under section 6-140. Because none of the class members complains here about any benefits other than section 6-140 annuities, and they maintain only that the Board should include DAP in the "current annual salary attached to the classified position to which the fireman was certified at the time of his death," the common question apparently predominates over any questions affecting individual members of the class.

¶ 30 The Board contends that each class member presents an individual question about how much DAP the firefighters received before retiring, but we have already held that section 6-140 annuities depend on only the salary assigned to the position the firefighter held at the

time of his injury, and not on the salary (or DAP) the firefighter received.

¶ 31 The trial court found a class action inappropriate because each widow will need a separate determination of the amount of benefits she received and the amount the Board must pay. June and Elaine contend that most members of the class will receive exactly the same amount because of the inclusion of DAP in the annuity calculation. In support of their motion for summary judgment, they presented to the trial court a copy of the City of Chicago's contract with the Chicago Fire Fighters Union for 2007 through 2012. According to the contract, all firefighters earned DAP of $730 per quarter from January 2006 through January 2011, and the DAP for all firefighters increased to $755 per quarter during 2011, and to $805 per quarter during 2012. Under section 6-140, the Board should pay each widow an annuity of 75% of the amount of the current salary for the position the firefighter attained before his debilitating injury. 40 ILCS 5/6-140(a) (West 2008). For all class members, the Board has already made a preliminary calculation of annuities, only omitting the contractually fixed DAP. Thus, every living class member entitled to benefits before 2006 should receive an additional $547.50 (.75 × $730) per quarter for January 2006 until January 2011, plus $566.25 (.75 × $755) per quarter for 2011, plus $603.75 (.75 × $805) per quarter for 2012. The individual calculations depend on the dates the firefighters died only if they died after the effective date of Public Act 93-654.

¶ 32 "[A] class action will not be defeated solely because of some factual variations among class members' grievances." *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *quoted in Clark*, 343 Ill. App. 3d at 548. The minor variations here do not predominate over the common question. Under the circumstances of this case, where a contract fixes the amount of DAP and the statute fixes the calculation of the annuity based on the inclusion of DAP, we find that the class action can serve as an efficient vehicle for resolving the common question concerning the amount of the widows' annuities.

¶ 33 Thus, June and Elaine have shown that the proposed class meets all four of the statutory criteria for class certification. We hold that the trial court erred when it denied class certification for the firefighters' widows who met the criteria for inclusion in the proposed class. See *Purcell & Wardrope Chartered v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1077-79 (1988).

¶ 34                                    Abatement

¶ 35 Elaine died on September 20, 2010. Elaine's attorney asks us to decide whether her death abates her entitlement to section 6-140 retroactive benefits. The Board contends that we lack jurisdiction to decide the issue because the trial court never considered the issue. See *Sylvester v. Chicago Park District*, 179 Ill. 2d 500, 507 (1997).

¶ 36 "[A] reviewing court has a duty to consider its jurisdiction *sua sponte*." *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007). This court lacks jurisdiction to decide an appeal if the parties no longer face an actual controversy, as when events make it impossible for this court to render effective relief to the appealing party. *Circle Management*, 378 Ill. App. 3d at 607. This court has jurisdiction to consider whether Elaine's death makes her appeal moot. However, neither party has suggested that her death moots the

appeal, and we see no reason to believe that her death would make her appeal moot. We will not extend our review of our jurisdiction to review an issue that the trial court never addressed, where the issue does not appear to moot the appeal, and where neither party argues that the issue moots the appeal. If the Board fails to pay Elaine's estate the benefits it withheld from Elaine while she lived, the statutory process for challenging the Board's refusal to pay benefits it owes should suffice.

¶ 37                                     Common Fund

¶ 38        Finally, the attorney who represents June and Elaine asks us to find that the common fund doctrine applies. The trial court never reached the issue because it found the Board not liable for the payments June and Elaine sought. See *Brooks v. Midas-International Corp.*, 47 Ill. App. 3d 266, 273 (1977) (liability creates common fund). We direct the parties to litigate this issue on remand.

¶ 39                                 Petition for Rehearing

¶ 40        In its petition for rehearing, the Board argues that the legislature meant for the firefighters to fully fund the annuities out of their contributions. According to the Board, the legislature failed to fund the award to widows of annuities that reflect DAP as part of current annual salary for their deceased spouses' positions. The Board asks us to interpret section 6-111(i) as though it said that whenever the article refers to the salary attached to a position, the salary shall be calculated as the current annual salary for the position without DAP, plus any DAP the firefighter actually received, as long as the firefighter made appropriate contributions to the pension fund to reflect the DAP he actually received.

¶ 41        Instead of writing the legislation the Board would have preferred, the legislature provided that "references in this Article to the salary attached to or appropriated for the permanent assigned position or classified career service rank, grade, or position of the fireman shall be deemed to include that duty availability pay." 40 ILCS 5/6-111(i) (West 2008). This court has authority to interpret the statute the legislature enacted, but it lacks the power to amend the statute. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394 (1998). "The responsibility for the justice or wisdom of legislation rests upon the legislature." *Henrich*, 186 Ill. 2d at 394. The Board must address its arguments for revision of the statute to the legislature, not the courts.

¶ 42                                     CONCLUSION

¶ 43        The Pension Code makes the widows' annuity specified in section 6-140 depend on the pay for firefighters currently working in the same classification their spouses attained before their injuries, and not on the pay their spouses actually received. 40 ILCS 5/6-140(a) (West 2008). Section 6-111(i), as amended, requires the Board to include duty availability pay in the salary for firefighters currently working. 40 ILCS 5/6-111(i) (West 2008). Therefore, the Board must include duty availability pay in its calculation of widows' annuities under section 6-140 of the Code. 40 ILCS 5/6-140(a) (West 2008).

¶ 44   Next, for the class of widows entitled to section 6-140 annuities, for whom the Board refused to include DAP in the calculation of annuities, we find that questions of law predominate over individual questions for determining errors in the Board's calculation of their annuities because of the refusal to include DAP in those calculations. The proposed class meets the numerosity requirement, and a class action should serve as an efficient means of resolving the issue. The Administrative Review Law does not preclude a class action to correct the Board's systematic miscalculation of the annuities owed to the class members. Thus, we reverse the trial court's decision to deny class certification to the class June and Elaine proposed for a class action suit against the Board for a judgment declaring the rights established in sections 6-140 and 6-111(i) of the Code.

¶ 45   We will not extend our jurisdiction to consider whether Elaine's death abates her entitlement to benefits, where the trial court never considered the issue and where neither party suggests that Elaine's death moots her appeal. We reverse the judgment of the trial court and remand for further proceedings in accord with this opinion.

¶ 46   Reversed and remanded.