CAROL BINDELL *et al.*, Plaintiffs-Appellees, v. THE CITY OF HARVEY *et al.*, Defendants-Appellants.

First District (6th Division) No. 1—90—0638

Opinion filed April 19, 1991.

James D. Montgomery & Associates, Ltd., of Chicago (Robert P. Vogt, of counsel), for appellants.

Cornfield & Feldman, of Chicago (Melissa J. Auerbach, of counsel), for appellees.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

In this appeal, we are asked to determine whether a final Civil Service Commission determination can negate an employee's right to have a subsequent disciplinary proceeding decided through grievance and arbitration procedure in accordance with a collective bargaining agreement.

The trial judge ruled that it could not. We agree, and therefore affirm.

The undisputed facts are these: On November 10, 1986, defendant, City of Harvey (City), and plaintiff, American Federation of State, County and Municipal Employees, Council 31, AFL-CIO (AFSCME), entered into a comprehensive collective bargaining agreement (Agreement) that encompassed nearly all relations between the City and its police department employees. Plaintiff Carol Bindell was both a police department employee and a member of AFSCME. In part, the Agreement provided that "[d]isciplinary matters coming within the jurisdiction of the Civil Service Commission may be processed through the grievance and arbitration procedure." In an addendum, the Agreement further provided a form letter to be used by employees facing disciplinary proceedings. The letter provided an election to have discipline or discharge decided by either the Civil Service Commission or through grievance and arbitration procedure. In the event no election is made within seven days, the right to arbitration is waived and the City "will proceed as legally required under the Civil Service laws."

In September of 1987, Bindell was charged with certain violations of the Harvey police department's rules and regulations. The specified conduct, which occurred in August of 1987, included failure to report

for work, leaving work early and false and/or improper use of sick time. A hearing was conducted before the Harvey Civil Service Commission (Commission), and on November 23, 1987, a written decision was rendered. The decision, after finding that Bindell had violated department rules, held that her conduct "does not justify a finding of discharge" and ordered that she "should submit to drug test[s] at the discretion of the police chief [and that] [a]ny further usage of drugs would subject CAROL BINDELL to immediate termination." No motion for reconsideration or appeal was taken from this decision.

Approximately 17 months after the entry of this decision (May 4, 1989), Bindell tested positive for ingestion of cocaine and a complaint seeking her discharge was filed by the chief of police. This time, however, Bindell elected to have the disciplinary proceeding decided through grievance and arbitration procedures and within the seven-day time limit filed the "Choice of Procedure" form. The City refused to arbitrate and instead conducted a hearing before the Commission. On August 9, 1989, Bindell was discharged from her position with the Harvey police department.

On February 7, 1990, the trial court reversed the Commission's decision as being contrary to law, ordered the City to proceed with arbitration and specified that the arbitrator should be informed of the Commission's November 23, 1987, decision. This appeal followed.

■ Initially defendant argues that the November 23, 1987, decision was wholly proper and this action is nothing more than an impermissible, collateral attack on that decision. We disagree. The propriety of the 1987 decision is a question we need not and cannot answer. The decision was final, not appealed and as a result we are without jurisdiction. Further, while we agree with defendants that an attack on the 1987 decision would be improper, we fail to see how this lawsuit involves such an attack. Rather, plaintiff's position is that the Commission was without jurisdiction in the 1989 proceeding because Bindell elected to have that disciplinary matter decided through arbitration, a right to which she was entitled pursuant to the Agreement. In this appeal, we are not determining whether Bindell will ultimately be discharged or not. We are merely deciding which forum will make that determination. Bindell will be *subject* to discharge when this matter proceeds to arbitration in the same fashion that she was when her disciplinary proceeding was heard by the Commission. Whether discharge in fact occurs is to be determined through the grievance or arbitration procedures.

■ Next, defendants argue principles of waiver and equitable estoppel in that Bindell, by not appealing the 1987 decision, waived

any complaint regarding the terms and conditions of that order. They further reason that because Bindell accepted benefits (not being terminated) she is now estopped from denying the validity of that portion of the order which subjected her to discharge. Again, these arguments must fail because this action does not dispute the validity of the 1987 decision. As previously stated, Bindell is subject to discharge. The question is who will make that determination.

■ Next, defendants argue that a collective bargaining agreement cannot nullify an order of an administrative agency. Although it does not affect the outcome, it is worth noting that defendants' brief is at odds with the record as to when the Agreement came into effect. While the Agreement itself reflects that it was executed on November 10, 1986, defendants argue in their brief that it was not entered into until 1989. However, assuming, *arguendo*, that the Agreement did not take effect until 1989, defendants do not dispute that it was in effect when the 1989 charges were filed. As such, Bindell was entitled to arbitration. Prior to this Agreement, the Commission was the only forum before which disciplinary proceedings could be brought. During the collective bargaining process this was changed and arbitration became an alternative forum with the choice of forum to be made by the employee. As a result, we fail to understand how the agreement nullified the 1987 decision.

Nor can it be argued Bindell somehow waived her right to arbitration by virtue of the 1987 decision. Waiver is an intended relinquishment of a known right. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 499, 475 N.E.2d 872.) If we accept defendants' position that the Agreement did not take effect until 1989, it is hard to understand how arbitration could have been waived in 1987. In any event, the right to arbitration will not be considered waived unless the evidence is clear and unmistakable. See *Village of Oak Park v. Illinois State Labor Relations Board* (1988), 168 Ill. App. 3d 7, 522 N.E.2d 161.

■ ■ In sum, the issue before us is one of jurisdiction. "[W]here the authority of an administrative body is in question[,] the determination of the scope of its power and authority is a judicial function, not a question to be finally determined by the administrative agency itself." (*People ex. rel Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 321, 317 N.E.2d 121.) Accordingly, there is no presumption in favor of an administrative agency's assertion of jurisdiction (see *Pickering v. Human Rights Comm'n* (1986), 146 Ill. App. 3d 340, 496 N.E.2d 646), and the burden of proving jurisdiction rests

upon the party asserting it. *Ballard v. Rawlins* (1981), 101 Ill. App. 3d 601, 604, 428 N.E.2d 532.

For the foregoing reasons, we conclude that Bindell's election of forum was proper and in accordance with the Agreement. As a result, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and LaPORTA, JJ., concur.