169 Cal.App.4th 1343 (2008)
In re JAHEIM B., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, Plaintiff and Respondent,
v.
TERRANCE J., Defendant and Appellant.
No. D053121.
Court of Appeals of California, Fourth District, Division One.
December 22, 2008.
*1345 Mark Turner, under appointment by the Court of Appeal, for Defendant and Appellant.
John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Katharine R. Bird, Deputy County Counsel, for Plaintiff and Respondent.
Andrea Renee St. Julian, under appointment by the Court of Appeal, for Minor.

*1346 OPINION
McCONNELL, P.J.
Terrance J., a resident of Alabama, appeals a judgment declaring his minor son, Jaheim B., a dependent of the juvenile court and removing Jaheim from his custody. Terrance contends the court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code,[1] § 3400 et seq.) and should have declined to exercise jurisdiction.[2] We conclude the court properly exercised its jurisdiction and accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
On January 7, 2008, the San Diego County Health and Human Services Agency (Agency) filed a petition on behalf of two-year-old Jaheim under Welfare and Institutions Code section 300, subdivision (b). The petition alleged Bridgette, Jaheim's mother, left Jaheim unattended and unsupervised about 100 yards from the front door of a relative's home. According to the detention report, witnesses saw Bridgette leave Jaheim in a parking lot. Jaheim ran after his mother calling "mommy, mommy!" Bridgette got into a car and drove away. The police reported that Bridgette stated she could not handle Jaheim anymore and admitted she left Jaheim in the parking lot.
Bridgette met with social workers and stated she had moved to San Diego from Florida about five months before the incident. Jaheim and Bridgette lived with Bridgette's aunt and uncle. Bridgette often left Jaheim in the care of her aunt and uncle. She reported she was homeless but was "making money other ways" and she did not want Jaheim around her when she was out making her money. In early January she claimed she could not "handle" Jaheim any longer and decided to leave him in front of her aunt and uncle's home.
*1347 Bridgette identified Terrance as Jaheim's father. Terrance was in prison in Alabama. She was not married to Terrance and their relationship ended after Jaheim was born. The social worker located Terrance and sent him a prison packet and notified him of the court proceedings. At a detention hearing, the court appointed counsel for both parents and detained Jaheim in out-of-home care.
Following the detention hearing, the Agency reported Bridgette did not have a history with child protective services in Florida. Concerning visitation with Jaheim, the Agency reported Bridgette had not participated in supervised visits with Jaheim since his detention. Bridgette notified a social worker that she had visited San Diego County Mental Health Center as a patient to be seen for depression. She told the social worker she was thinking about killing herself. The social worker instructed Bridgette to contact the Agency after she was admitted to the mental health facility. Bridgette did not followup with the social worker. After that incident, Bridgette's whereabouts became unknown. The social worker recommended the court order Bridgette to submit to a psychological evaluation.
Terrance remained in prison and was not scheduled for release until 2028. Terrance requested the Agency consider placing Jaheim with one of Terrance's relatives so that Jaheim could visit Terrance in prison. The court ordered Terrance to participate in a paternity test. In April 2008 a paternity test confirmed Terrance was Jaheim's biological father and the court found him to be the presumed father.
The social worker in an addendum report noted Bridgette visited Jaheim once but missed four other scheduled visits. Bridgette stated she did not intend to participate in services in San Diego and instead wanted to return to Florida.
The court held a jurisdiction and disposition hearing. The court sustained the allegations in the petition under Welfare and Institutions Code section 300, subdivision (b), removed Jaheim from parental custody and placed him in out-of-home care. The court ordered reunification services for Bridgette but did not order services for Terrance under Welfare and Institutions Code section 361.5. Terrance timely filed a notice of appeal.

*1348 DISCUSSION

The Court Had Jurisdiction Under the UCCJEA
Terrance challenges the jurisdictional findings and dispositional order on the ground the court did not have subject matter jurisdiction under the UCCJEA. He contends (1) the court did not have temporary emergency jurisdiction under section 3424, subdivision (a); and (2) Florida had subject matter jurisdiction under section 3402, subdivision (g) because Florida was Jaheim's home state.

A

Overview of the UCCJEA
(1) The UCCJEA is the exclusive method in California to determine the proper forum in child custody proceedings involving other jurisdictions. (In re C. T. (2002) 100 Cal.App.4th 101, 106 [121 Cal.Rptr.2d 897].) A dependency action is a "`child custody proceeding'" subject to the UCCJEA. (§ 3402, subd. (d); see In re Angel L. (2008) 159 Cal.App.4th 1127, 1136 [72 Cal.Rptr.3d 88].) The purposes of the UCCJEA in the context of dependency proceedings include avoiding jurisdictional competition and conflict, promoting interstate cooperation, litigating custody where child and family have closest connections, avoiding relitigation of another state's custody decisions and promoting exchange of information and other mutual assistance between courts of other states. (In re C. T., supra, 100 Cal.App.4th at p. 106.)
(2) Subject matter jurisdiction either exists or does not exist at the time the action is commenced and cannot be conferred by stipulation, consent, waiver or estoppel. (In re A. C. (2005) 130 Cal.App.4th 854, 860 [30 Cal.Rptr.3d 431].) The court here did not make a determination concerning subject matter jurisdiction. However, "[w]e are not bound by the juvenile court's findings regarding subject matter jurisdiction, but rather `independently reweigh the jurisdictional facts.'" (Ibid.)

B

Home State Jurisdiction Under Section 3421
(3) Under section 3421,[3] California may assume jurisdiction to make an initial child custody determination only if any of the following apply: *1349 California is the child's "home state" (§ 3421, subd. (a)(1)); there is no home state but the child and at least one parent have a "significant connection" to California and "substantial evidence" is available in California as to the child's care, protection, training and personal relationships (§ 3421, subd. (a)(2)); another state having jurisdiction has declined to exercise jurisdiction on the ground California is the more appropriate forum (§ 3421, subd. (a)(3)); or no other state has jurisdiction under the foregoing tests (§ 3421, subd. (a)(4)). "`Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding.. . . A period of temporary absence of any of the mentioned persons is part of the period." (§ 3402, subd. (g).)

C

Temporary Emergency Jurisdiction Under Section 3424
(4) Section 3424 provides an exception to the exclusive jurisdictional bases for making a child custody determination in California. (§ 3421, subds. (a), (b).) A court may exercise "temporary emergency jurisdiction" when a "child is present in this state and . . . it is necessary in an emergency to protect the child because the child . . . is subjected to, or threatened with, mistreatment or abuse." (§ 3424, subd. (a).) An "emergency" exists when there is an immediate risk of danger to the child if he or she is returned to a parent. (In re Nada R. (2001) 89 Cal.App.4th 1166, 1174-1175 [108 Cal.Rptr.2d 493].) Although emergency jurisdiction is generally intended to be short term and limited, the juvenile court may continue to exercise its *1350 authority as long as the reasons underlying the dependency exist. (Id. at p. 1175; In re Angel L., supra, 159 Cal.App.4th at p. 1139; see also In re Stephanie M. (1994) 7 Cal.4th 295, 312 [27 Cal.Rptr.2d 595, 867 P.2d 706] [court had continuing jurisdiction because of emergency presented and impossibility of returning minor immediately to parents].) The Legislature has expressly declared its intent to expand the grounds on which a court may exercise temporary emergency jurisdiction. (§ 3424, subd. (e).)
Section 3424, subdivision (b) provides that when "there is no previous child custody determination that is entitled to be enforced under the UCCJEA and a child custody proceeding has not been commenced in a court of a state having jurisdiction under the UCCJEA, a child custody determination made under [section 3424] remains in effect until an order is obtained from a court of a state having jurisdiction under the UCCJEA. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under the UCCJEA, a child custody determination made under section 3424, subdivision (b), `becomes a final determination, if it so provides and this state becomes the home state of the child.'" (In re Angel L., supra, 159 Cal.App.4th at p. 1138, quoting § 3424, subd. (b).)

D

The Court Properly Exercised Emergency Jurisdiction
The record shows Jaheim was born in Florida and lived there with Bridgette for the first two years of his life. He then moved with Bridgette to California and lived in California for about five months before he was taken into protective custody. Jaheim had no home state under the UCCJEA because he did not live with a parent or a person acting as a parent in California or Florida for at least six consecutive months immediately before the dependency petition was filed. (§§ 3402, subd. (g), 3421 subd. (a)(1).)
Even without home state jurisdiction, the juvenile court did have emergency jurisdiction under section 3424 because Jaheim was present in California when the neglect occurred, and the court's action was necessary to protect Jaheim from immediate harm. (See In re Nada R., supra, 89 Cal.App.4th at p. 1174.) Specifically, Jaheim had been abandoned by Bridgette and her actions toward him established emergency jurisdiction.
Further, emergency jurisdiction can properly continue in this case beyond the detention hearing because the risk of harm creating the emergency was ongoing. Bridgette told the social worker she regularly leaves Jaheim with *1351 relatives so she can go out "partying" and made money in "other ways." After leaving Jaheim in a parking lot, she explained her actions by stating she could not "handle" Jaheim anymore. Bridgette has expressed remorse for her actions but she remains homeless, does not have stable employment, and admitted she cannot take care of Jaheim at this time. She admitted to wanting to kill herself and has not received mental health services. The Agency provided Bridgette with referrals for reunification services, including parenting classes and therapy, but she stated she did not intend to participate in services. It would be reasonable for a court to infer that Jaheim was at risk of future harm in Bridgette's care. Because the risk of harm creating the emergency was ongoing and Jaheim could not immediately be returned to Bridgette, the court had subject matter jurisdiction under section 3424 to conduct the dependency proceeding and issue its jurisdictional and dispositional orders. (In re Nada R., supra, 89 Cal.App.4th at p. 1175; In re Angel L., supra, 159 Cal.App.4th at p. 1139; In re Stephanie M., supra, 7 Cal.4th at p. 312.)
In any event, according to the juvenile court's August 21, 2008, minute order, there was no jurisdictional conflict with another state's court and therefore, the UCCJEA did not restrict the court's power to proceed. (§ 3424, subds. (c), (d); cf. In re C. T., supra, 100 Cal.App.4th at pp. 112-114.) As the minute order acknowledged, there was no previous child custody determination in Florida that would be enforceable under the UCCJEA as to Jaheim. (§ 3424, subd. (b).) The court in Dade County, Florida, is aware of the proceedings in California and informed the juvenile court that there is no case in the county relating to Jaheim and Bridgette. Further, Bridgette did not have a history with child protective services in Florida. Absent an action in Florida for protection of Jaheim, the California juvenile court properly had jurisdiction to act. (In re Angel L., supra, 159 Cal.App.4th at pp. 1139-1140.) Once the court detained Jaheim and declared him a dependent and removed him from parental custody, "its temporary emergency jurisdiction ripened into permanent jurisdiction and California became [his] home state." (Id. at p. 1140.)
(5) There is no jurisdictional competition and conflict in these proceedings. (See In re C. T., supra, 100 Cal.App.4th at p. 106.) The juvenile court properly exercised its emergency jurisdiction and California was the appropriate forum under the UCCJEA at the time it declared Jaheim a dependent and removed him from parental custody.

*1352 DISPOSITION
The judgment is affirmed.
Nares, J., and McIntyre, J., concurred.
NOTES
[1] All statutory references are to the Family Code unless otherwise specified.
[2] On August 28, 2008, the San Diego County Health and Human Services Agency filed a motion to augment the record. This court denied the motion. The agency renewed its motion and filed it along with its respondent's brief. The agency seeks to introduce the juvenile court's August 21, 2008, minute order showing that following the jurisdiction and disposition hearing, the court communicated with a court in Dade County, Florida, and learned there was no child custody determination or pending child custody proceeding in Florida. The agency argues that based on this new information, appellant's argument is moot or, alternatively, any error committed by the juvenile court is harmless. We grant the agency's motion because the minute order renders it impossible for the appellate court to grant the appellant effective relief. (In re Jessica K. (2000) 79 Cal.App.4th 1313, 1315-1316 [94 Cal.Rptr.2d 798].)
[3] Section 3421 provides: "(a) Except as otherwise provided in Section 3424, a court of this state has jurisdiction to make an initial child custody determination only if any of the following are true: [¶] (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state. [¶] (2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under Section 3427 or 3428, and both of the following are true: [¶] (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence. [¶] (B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. [¶] (3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 3427 or 3428. [¶] (4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3). [¶] (b) Subdivision (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state. [¶] (c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."